**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORRYE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01503-CDP |
| | ) | |
| CVS HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Corrye Young's Application to Proceed in District Court Without Prepayment of Fees and Costs.  Based on the information provided in the application, the Court grants the application and waives the filing fee.  For the following reasons, Plaintiff's case will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff brings this personal injury action against Defendant CVS Health, alleging its pharmacist injured her while administering a shot at the CVS Health pharmacy in Richmond Heights, Missouri.  Plaintiff alleges that on October 5, 2024, the pharmacist gave her a shot, but the needle broke and the contents of the vial sprayed on both her and the pharmacist.  She states that she suffers from pain at the injection site and uncomfortable numbness in her arm during work or sleep.  For relief, she seeks reimbursement of her medical expenses, which total $1,800, and compensation for pain and suffering and future physical therapy.

This is the second time Plaintiff has filed this case.  The first time, the Court issued a Show Cause Order asking Plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. *See Young v. CVS Health*, 4:25-cv-762-CDP (E.D. Mo. filed May 27, 2025), Doc. 5.  The Court noted that Plaintiff's complaint did not arise under the Constitution,

laws, or treaties of the United States, and therefore no federal question jurisdiction existed. Further, Plaintiff had not alleged any diversity of citizenship between the parties nor met the jurisdictional amount.  *See id.*  In response, Plaintiff filed a letter to the Court detailing her interactions with the pharmacist, the local CVS pharmacy, Pfizer, and a risk management officer from CVS Health.  *See id.*, Doc. 6.  Plaintiff's response did not cure the jurisdictional defects, and the Court dismissed the action without prejudice for lack of jurisdiction.  *Id.*, Doc. 7.

Six weeks later, Plaintiff filed the instant action alleging the same facts.  Again, Plaintiff's complaint does not arise under the Constitution, laws, or treaties of the United States, the parties are not diverse, and Plaintiff has not met the jurisdictional amount.  *See* 28 U.S.C. §§ 1331, 1332. For these reasons, the Court again dismisses this action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**.  [Doc. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot.  [Doc. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of April, 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE